IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CU CAPITAL MARKET SOLUTIONS,
LLC and LEWIS N. LESTER, SR.,

    Plaintiffs,

v.

OLDEN LANE SECURITIES, LLC, et al.,

    Defendants.

Case No. 18-2597-DDC-KGG

## MEMORANDUM AND ORDER TO SHOW CAUSE

**To plaintiffs:**

Plaintiffs CU Capital Market Solutions, LLC ("CU Capital"), a limited liability company, and Lewis N. Lester, Sr., an individual, filed a First Amended Complaint in this case on December 5, 2018. Doc. 14. Plaintiffs have filed suit against three limited liability companies and an individual: Olden Lane Securities, LLC; Olden Lane Advisors, LLC; Olden Lane, LLC; and Jeremy Christopher Colvin. *Id.* at 1. On March 7, 2019, plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction. Doc. 22. But, before the court proceeds with plaintiffs' Motion, it first must address an issue of subject matter jurisdiction. Specifically, the court directs plaintiffs to show cause why the court should not dismiss plaintiffs' First Amended Complaint (Doc. 14) without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332 for the reasons explained, below.

Plaintiffs' First Amended Complaint invokes federal subject matter jurisdiction under 28 U.S.C. § 1332. Doc. 14 at 3 (First Am. Compl. ¶ 8). In support, the First Amended Complaint alleges the following jurisdictional facts:

- CU Capital is a limited liability company authorized to conduct business in Kansas. CU Capital has an office in Overland Park, Kansas. *Id.* (First Am. Compl. ¶ 1).

- Mr. Lester is the CEO of CU Capital. Mr. Lester is an individual who maintains an office in Overland Park, Kansas. *Id.* (First Am. Compl. ¶ 2).

- Olden Lane Securities, LLC, Olden Lane Advisors, LLC, and Olden Lane, LLC are limited liability companies. All three companies are incorporated in Delaware, and they have their principal places of business in New Jersey. *Id.* at 2 (First Am. Compl. ¶¶ 3–5).

- Mr. Colvin is an individual who resides in New Jersey. *Id.* at 3 (First Am. Compl. ¶ 7).

The court maintains "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Plaintiffs bear the burden of establishing that federal jurisdiction is proper. *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012). Under 28 U.S.C. § 1332—the federal diversity jurisdiction statute—federal jurisdiction is proper if "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

For diversity jurisdiction purposes, a limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *cf. Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) ("[W]hen evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its 'principal place of business'" (quoting 28 U.S.C. § 1332(c)(1)). The governing standard requires complete diversity of citizenship, and so plaintiffs' First Amended Complaint must contain facts showing that no individual or LLC member on one side of the case caption is a citizen of the same state as any individual or LLC member on the other side of the caption. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

So far, plaintiffs have not carried their burden. The First Amended Complaint identifies Olden Lane Securities, Olden Lane Advisors, and Olden Lane's organizational structure as limited liability companies. But plaintiffs have not identified the citizenship of the members of any of the LLCs. The allegations thus fail to establish the citizenship for any LLC.

Beyond the jurisdictional defects related to the LLCs, the court also cannot discern the citizenship of the two individuals in the case: Mr. Lester and Mr. Colvin. As for Mr. Lester, the First Amended Complaint merely alleges, in passing, that he is "an individual who maintains an office in Overland Park, Kansas." Doc. 14 at 1 (First Am. Compl. ¶ 2). In short, plaintiffs have not pleaded Mr. Lester's citizenship to satisfy diversity citizenship.

The First Amended Complaint's jurisdictional allegations for Mr. Colvin fare no better. It alleges, "Jeremy Colvin is an individual who resides at 14 Lake Road, Chatham, New Jersey 07928." *Id.* at 3 (First Am. Compl. ¶ 7). "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel*, 781 F.3d at 1238 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972)). So, plaintiffs' First Amended Complaint also fails to allege Mr. Colvin's citizenship adequately.

The court thus orders plaintiffs to show cause, within 10 days of this Order, why the court should not dismiss this case without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs are directed to show cause within 10 days why the court should not dismiss plaintiffs' First Amended Complaint (Doc. 14) without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS SO ORDERED**.

**Dated this 8th day of March, 2019, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u><br>**Daniel D. Crabtree**<br>**United States District Judge**